UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BART ARRINGTON, as surviving spouse
of Roberta Allene Arrington

       Plaintiff,

v.                         Case No:  2:12-cv-507-FtM-29DNF

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause is before the Court on Plaintiff, Bart Arrington, as surviving spouse of Roberta Allene Arrington's Complaint (Doc. 1) filed on September 13, 2012.[1]  Claimant seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for disability and Social Security Disability Insurance Benefits.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, it is respectfully recommended that the decision of the Commissioner be **REVERSED AND REMANDED** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

---

[1]  A Certification of Death (Doc. 17) was filed for Roberta Arrington indicating that she died on February 11, 2013.   The Court allowed Bart Arrington to substitute as Plaintiff in this case.   Throughout this Report and Recommendation, the Court will refer to Roberta Arrington as claimant.

## I.   Social Security Act Eligibility, the ALJ Decision, and Standard of Review

### A.   Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.   42 U.S.C. §§416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§404.1505, 416.905.   The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.   42 U.S.C. §§423(d)(2), 1382a(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911.   Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5   (1987).

### B.   Procedural History

On June 6, 2008, Claimant filed an application for Disability Insurance Benefits asserting a disability onset date of June 1, 2003. (Tr. p. 117-118).   This claim was denied initially on November 13, 2008, and denied upon reconsideration on February 17, 2009. (Tr. p. 63-64). Hearings were held before Administrative Law Judge Jose G. Rolon-Rivera ("ALJ") on June 7, 2010 and July 22, 2010.   (Tr. p. 37-62).   ALJ Rolon-Rivera issued an unfavorable decision on August 6, 2010. (Tr. p. 18-24).   On July 17, 2012, the Appeals Council denied Plaintiff's request for review. (Tr. p. 1-6).   The Claimant filed a Complaint in the United States District Court and on September 13, 2012.   This case is now ripe for review.

### C.   Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled.   *Packer v. Commissioner of Social Security*, ___ Fed. App'x. ____,

2013 WL 5788574 (11ᵗʰ Cir. Oct. 29, 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11ᵗʰ Cir.

1999)). An ALJ must determine whether the claimant (1) is performing substantial gainful

activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an

impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his

past relevant work; and (5) can perform other work of the sort found in the national economy.

*Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11ᵗʰ Cir. 2004). The claimant has the burden of

proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp*

*v. Commissioner of Soc. Sec.*, 511 Fed. App'x. 913, 915 n.2 (11ᵗʰ Cir. 2013).

The ALJ found Claimant met the Social Security Act's insured status requirements

through December 31, 2003. (Tr. p. 20). At step one of the sequential evaluation process, the

ALJ found that Claimant had not engaged in substantial gainful activity from her alleged onset

date of June 1, 2003 through her date last insured of December 31, 2003. (Tr. p. 20). At step two,

the ALJ found that Claimant suffered from the severe impairments of "mild mitral regurgitation

and dysphagia." (Tr. p. 20). At step three, the ALJ determined that Claimant did not have an

impairment or combination of impairments that significantly limited her ability to perform basic

work-related activities for 12 consecutive months, and therefore did not have a severe

impairment or combination of impairments that meets or medically equals the severity of one of

the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d). (Tr. p.

22).

The ALJ only considered medical records and evidence "covering the time period of June

1, 2003, the claimant's onset date, to December 31, 2003, the claimant's date last insured." (Tr.

p. 21). The ALJ concluded that Claimant was not under a disability from June 1, 2003 through

December 31, 2003. (Tr. p. 24).

### D.   Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390 (1971).   The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).   Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.   *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### II.   Analysis

Plaintiff raises the following three issues on appeal:  (1) did the ALJ err in failing to obtain a medical expert; (2) did the ALJ err in the weight he accorded the opinion of Marc H. Levy, M.D.; and   (3) did the Appeals Council err in denying Claimant's request for review.

**A.   Whether the ALJ err in failing to obtain a medical expert**

Plaintiff asserts that at the first hearing, the ALJ decided that a medical expert was necessary to explain the medical records, however, the ALJ failed to obtain the services of a medical expert for the second hearing.   The Commissioner responds that Plaintiff failed to cite any authority for the proposition that medical expert testimony was necessary, and simply relies on a statement by the ALJ at the first hearing. The Commissioner also argues that the medical records of Dr. Levy were not a part of the record for the first hearing, and after they were submitted, the ALJ was able to understand the medical records without the need for an expert.

The claimant has the burden of proving that she is disabled.   *Ellison v. Barnhart,* 335 F.3d 1272, 1276 (11th Cir. 2003).   However, an ALJ has the "basic obligation to develop a full and fair record." *Id.* At the first hearing, the ALJ stated that he needed a medical expert, "an internist, possibly Dr. Riscon [phonetic].   John Riscon to testify in his capacity as a medical expert."   (Tr. p. 52).   The ALJ did not understand the medical records concerning Alzheimer's disease, and Claimant's other conditions. (Tr. p. 52-53).   The ALJ stated, "Which variant of Alzheimer's disease currently on [INAUDIBLE] therapy with resultant [INAUDIBLE].   I don't know what that means."   (Tr. p. 52-53).   He needed "to know the nature of that condition, the nature of the severity and how was it affecting the claimant by those dates."   (Tr. p. 53).     The ALJ determined that only a medical expert could determine the level of severity of Claimant's impairments and analyze the medical documents.   (Tr. p. 53).

The Commissioner argues that the submission of Dr. Levy's records after the first hearing and before the second hearing must have satisfied the ALJ's need for a medical expert. Although it is clear that some of the records of Dr. Levy were submitted to the ALJ after the first hearing, the ALJ did not limit his need for a medical expert to the issue in Dr. Levy's records which

involved the Claimant's vision. The ALJ had questions concerning all of Plaintiff's medical ailments.

At the second hearing, the ALJ did not elicit testimony from a medical expert, and did not elicit testimony from either Claimant or Plaintiff regarding an explanation of Claimant's medical records.   Without the ALJ explaining at the second hearing why a medical expert was no longer necessary, the Court is unable to determine if the ALJ resolved the issues as to the medical records from the first hearing. The Court is unable to conduct a meaningful judicial review of the ALJ's opinion concerning his understanding of the medical records submitted in this case. *See, Robinson v. Astrue*, 2009 WL 2386058, *4 (M.D. Fla. Aug. 3, 2009).   Therefore, the Court determines that the ALJ erred in failing to develop the record by obtaining a medical expert or explaining why a medical expert was no longer necessary to understand the medical records in this case.

### B.  Whether the weight the ALJ erred in the weight accorded the opinion of Marc H. Levy, M.D.

Plaintiff asserts that the ALJ failed to accord the proper weight to Dr. Levy's opinion that Claimant was blind in May 2002.   The Commissioner asserts that the ALJ did not err because Dr. Levy's opinion did not clearly state whether Claimant was blind with or without corrective eyeglasses.   The Commissioner argues that if Dr. Levy assessed Claimant's vision without corrective eyeglasses, then his opinion was irrelevant.

Dr. Levy is a neuro-ophthalmologist.   (Tr. p. 287). He wrote a letter on May 16, 2010 stating that "[t]his letter will certify you as legally blind as of 05/2002.   This is based on review of old records, which showed a constricted visual field that subtends an angle of less than 20° as of 5/29/02."   (Tr. p. 287). The ALJ states that "there are no objective medical findings which

properly confirm the existence, let alone the cause of the blindness outside of the examination prior to her date last insured" and then the ALJ listed Claimant's visual acuities.   (Tr. p. 23).   The ALJ noted that Clamant stated that her vision with eyeglasses was "ok." (Tr. p. 23).   The ALJ gave no weight to Dr. Levy's opinion. (Tr. p. 23).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted).   The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011).   Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).   The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004).   The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

Reviewing Dr. Levy's Office Note from the May 10, 2010 visit, it is clear that Claimant's visual limitations stemmed from her diagnosis of visual variant of Alzheimer's disease. (Tr. p. 595).   It appears that prior to the second hearing, Plaintiff provided additional medical records

that Dr. Levy relied upon to render his opinion.   (Tr. p. 596-617) However, without a medical

opinion as to the importance of these diagnostic tests as they relate to her visual variant

Alzheimer's disease, these records do not provide sufficient information for the Court to determine

if the ultimate decision by the ALJ is supported by substantial evidence. The ALJ relied on a vision

test and Claimant's own testimony that she could see "ok" with glasses to give no weight to Dr.

Levy's opinion. Claimant had some type of Alzheimer's disease which brings into question her

own statements as to her abilities, and the vision test may not be relevant to the issue of blindness

with someone who is diagnosed with visual variant Alzheimer's disease. The Court determined

that the ALJ should have obtained a medical expert to explain the records, or contacted Dr. Levy

to provide additional information as to the meaning of these records as they relate to Claimant's

visual limitations.   As discussed below, when additional medical evidence by Dr. Levy was

submitted to the Appeals Council (See, Tr. p. 640-641), Dr. Levy's opinion becomes clear.

Therefore, the Court finds that the ALJ erred in discounting Dr. Levy's opinion without first

obtaining further medical information from a medical expert or contacting Dr. Levy to obtain a

better explanation of his medical findings and how Claimant's old medical records supported Dr.

Levy's findings.

### C.  Whether Appeals Council erred in denying request for review

Plaintiff asserts that the Appeals Council erred in denying a request for review, erred in

failing to consider the new evidence submitted by Plaintiff from Dr. Levy, and erred in failing to

remand the case to the ALJ to consider this new evidence.   The Commissioner argues that Dr.

Levy's records submitted to the Appeals Council could not render the ALJ's decision erroneous

because Dr. Levy's opinion and the records are repetitive of the earlier letter from Dr. Levy. The

Appeals Council denied review without indicating any reasons.   (Tr. p. 1-2).

A claimant is generally permitted to present new evidence at each state of his administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007), and 20 C.F.R. §404.900(b).   Evidence submitted for the first time to the Appeals Counsel is determined under a Sentence Four analysis. *Id*. An Appeals Council must consider new and material evidence that "'relates to the period on or before the date of the administrative law judge hearing decision' and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id*. (20 C.F.R. §§404.970(b), 416.1470(b)).   New evidence is considered material and thereby warranting a remand if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Id.*

The additional medical evidence was an in depth letter from Dr. Levy dated November 18, 2010, and the medical records he relied upon to render his opinion.   (Tr. p. 263-287).   Dr. Levy stated that Claimant had a diagnosis of visual variant of Alzheimer disease with resultant legal blindness.   (Tr. p. 263).   Dr. Levy relied on records from May 2002 to reach his diagnosis.   (Tr. p. 263).   The old records show that Claimant had "constant complaints of multiple visual difficulties, including peripheral visual filed scotomas in daily activities."   (Tr. p. 263). Based on Claimant's visual field constriction, Dr. Levy determined that in May 2002, Claimant was legally blind.   (Tr. p. 263). Dr. Levy noted that Claimant's Alzheimer disease deposits amyloid plaques in blood vessels in an around her visual cortex in the occipital lobes.   (Tr. p. 263).   The ALJ determined in his Decision that "there are no objective medical findings which properly confirm the existence, let alone the cause of the blindness outside of the examination prior to her date last insured."   (Tr. p. 23).   Dr. Levy has supplied objective medical findings of the tests performed on Claimant in May 2002, which led him to a diagnosis of blindness.   The evidence submitted to

the Appeals Counsel was new, material and relates to the time period at issue.   These new medical records and opinions are contrary to the conclusion reached by the ALJ, and are responsive to ALJ's statement that the record lacked objective medical findings from the relevant time period. There is a reasonable possibility that the new evidence from Dr. Levy would change the ALJ's determination.   Therefore, the Court finds that the Appeals Council erred in failing to review the case, and the Court respectfully recommends that this matter be remanded to the Commissioner to review the records submitted by Dr. Levy to the Appeals Council.

**IT IS RESPECTFULLY RECOMMEDED:**

That the decision of the Commissioner be **REVERSED AND REMANDED** pursuant to 42 U.S.C. §405(g) for the Commissioner to consider all of the evidence, including the medical records and opinion submitted by Dr. Levy and to elicit the testimony of a medical expert, if necessary.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on February 11, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties