UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BART ARRINGTON, as surviving spouse of Roberta Allene Arrington,

    Plaintiff,

v.      Case No: 2:12-cv-507-FtM-29DNF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #22), filed on February 11, 2014, recommending that the Commissioner's decision to deny social security disability benefits be reversed and remanded with instructions to the Commissioner. No objections have been filed, and the time to do so has expired.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.

Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

The magistrate judge found that the Administrative Law Judge (ALJ) erred in (1) failing to develop the record by obtaining a medical expert or explaining why a medical expert was no longer necessary to understand the medical records; and (2) discounting Dr. Levy's medical opinion without first obtaining further medical information from a medical expert or contacting Dr. Levy to obtain a better explanation of his medical findings and how claimant's old medical records supported Dr. Levy's findings, and that (3) the Appeals Council erred in failing to review the case. After

an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #22) is **accepted and adopted** by the Court.

2. The Decision of the Commissioner of Social Security is **reversed** and the matter is **remanded** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can develop the record by obtaining a medical expert or explaining why a medical expert was no longer necessary to understand the medical records and to consider all of the evidence, including the medical records and opinion submitted by Dr. Levy.

3. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of March, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record